```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

BRUCE TILLMAN,                )
                              )
    Plaintiff            )
                              )         No. 3:13-0762
v.                            )         Judge Sharp/Brown
                              )         **Jury Demand**
JASON WOODALL, *et al.*,      )
                              )
    Defendants           )

## O R D E R

A telephone conference was held with the parties in this matter on April 24, 2014. Mr. Tillman presently has pending a motion for a temporary restraining order (Docket Entry 95) in which he requests that the Court restrain the Defendants from transferring him from his current place of confinement at the DeBerry Special Needs Facility.

The attorney for the State has advised that they are willing to retain the Plaintiff at DeBerry pending a resolution of this motion. The involved Defendants may have **21 days** from the date of this order to respond to this motion.

This case is under a current scheduling order (Docket Entry 52). That scheduling order is modified as follows:

1. All discovery may remain open through **August 15, 2014**. The Plaintiff is reminded that written discovery must be submitted at least **30 days** prior to **August 15, 2014**, to be considered timely.

2. Dispositive motions shall be filed on or before **September 19, 2014.** Responses to dispositive

motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

3. The final pretrial conference and trial dates of **January 27, 2015, and February 17, 2015**, remain as previously set.

The Magistrate Judge discussed with the parties the Plaintiff's claim in this matter. Plaintiff advised that his primary concern was not monetary, but was the conditions at the DeBerry Special Needs Facility. He contends that the medical staff there has placed severe limitations on the inmates' use of the commissary and that this extends beyond food items. He also contends that he is not allowed the normal ability to attend church services, and that he is essentially confined in close quarters 23 hours out of 24. He contends that the restrictions he is under are as severe, if not more severe, than those of prisoners undergoing disciplinary action. He is also concerned that because of his health condition and what he views as a high risk of stroke or other life-threatening occurrences, he needs to be in an institution close to emergency medical facilities. While he indicated that assignment to Riverbend would alleviate some of the

2

current problems, he believes that because of his physical condition at some point he will be back at DeBerry and he believes that there needs to be some resolution of what his rights are at the DeBerry facility.

The Magistrate Judge suggested to the Defendants that they discuss the nature of the Plaintiff's claims with their respective clients and see whether there are any modifications to the commissary and/or other privileges that would accommodate the Plaintiff's concerns. They are, of course, free to discuss these matters directly with the Plaintiff.

The Magistrate Judge is in no position at this point to make any decisions concerning the validity of Plaintiff's claim and has pointed out to the Plaintiff that the courts in general are reluctant to become involved in detailed management of prison facilities.

The Magistrate Judge hopes that the suggestions he made to the parties during the telephone conference can produce further discussions with perhaps a resolution of this case, without the necessity of summary judgment motions and perhaps a trial.

The parties are advised that the Magistrate Judge stands ready to have further discussion with them about the possibility of resolution short of trial at their request.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge