```
                     UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION
```

BRUCE TILLMAN,                )
                              )
        Plaintiff             )
                              )       No. 3:13-0762
v.                            )       Judge Sharp/Brown
                              )       **Jury Demand**
JASON WOODALL, *et al.*,      )
                              )
        Defendants            )

**TO:    THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

Presently pending is the Plaintiff's motion for a temporary restraining order (Docket Entry 95). The Defendants have filed a response in opposition (Docket Entry 98). For the reasons stated below, the Magistrate Judge recommends that the motion for a temporary restraining order be DENIED.

## BACKGROUND

The Plaintiff filed his complaint *in forma pauperis* on August 2, 2013. Judge Sharp reviewed the matter under the provisions of 28 U.S.C. § 1915(e)(2) (Docket Entry 4). In Section II Factual Allegations, Judge Sharp summarized the complaint. The Plaintiff, at the time of the complaint, was 62 years old and had been incarcerated for the past 26 years. He has had a number of serious health issues and is presently a medical patient at the DeBerry Special Needs Facility (DSNF), where he has been housed since April 2011. The Plaintiff's complaint does not allege inadequate medical treatment. He alleges, however, that:

1. while housed at DSNF he was denied the opportunity to earn program credits based solely on his medical disabilities and handicap, and as a result he is forced to serve a greater portion of his sentence because of his handicap/disability;
2. he was confined 23 hours a day, never allowed outside for fresh air or sunshine;
3. because he is confined to a medical facility he is denied such ordinary and prudent life privileges, such as purchasing commissary items available to nonmedical inmates, participating in religious services, and going to chapel, and that his visitation privileges are more restricted than inmates who are not in the medical facility.

He further contends that after he raised grievances about theses issues that one of the responses to his grievances was that "Mr. Tillman has been stable medically. He will be discharged to sending institution where he will be able to have access to his concerns. No medical indication for him to stay at DSNF" (Docket Entry 4, p. 3). The Plaintiff interpreted this response as a threat to withdraw appropriate and necessary medical care in retaliation for his expressed concerns about the conditions of his confinement.

Judge Sharp allowed the case to proceed on a number of the Plaintiff's complaints (Docket Entry 5). The Plaintiff, still concerned with a potential move to a different institution, filed

a motion for a temporary restraining order to prevent such a removal on April 21, 2014 (Docket Entry 95). The Defendants' response (Docket Entry 98) contained an affidavit from Dr. Anidolee Melville-Chester on May 16, 2014, which includes the medical records up to and including May 15, 2014 (Docket Entry 99, p. 54).

**LEGAL DISCUSSION**

The Magistrate Judge certainly understands the Plaintiff's concern about where he is housed. However, other than his subjective opinion the Plaintiff does not have any evidence from a medical provider that he is, in fact, at any greater risk at another institution than he would be at DSNF. The Defendants on the other hand has presented detailed medical records and medical opinions that the Plaintiff is stable and not at a high risk for an additional stroke. They point out that there are a limited number of beds available at Unit 3 at DSNF, and that the Plaintiff has reached maximum medical recovery available at that unit at the present time. They therefore have proposed to discharge him from DSNF and move him to another institution.

The Magistrate Judge, at the case management conference, discussed the pending motion for a temporary restraining order and the Defendants agreed to retain the Plaintiff at DSNF pending a resolution of the motion. The Magistrate Judge suggested the possibility of Riverbend as a compromise. However, in their response the Defendants indicate that this is not practicable.

3

However, they do state that he will be assigned to an institution where he can receive appropriate care.

Under Federal Rules of Civil Procedure 65(d) a temporary restraining order should only issue when the applicant has demonstrated he had a need, and irreparable injury, or damage will result to the applicant if the order is not issued. A preliminary injunction, under Federal Rules of Civil Procedure 65(a), may be granted after the court has balanced the standard four-factor test. *Newsom v. Norris*, 888 F.2d 371 (6th Cir. 1989).

1. Whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits;
2. whether the plaintiff has shown irreparable injury;
3. whether the issuance of a preliminary injunction would cause substantial harm to others; and
4. whether the public interest would be served by issuing a preliminary injunction.

The Magistrate Judge will take these four items in order.

1. While the Plaintiff has made allegations of a potential risk to his health, his concern is that if he does suffer a stroke the prison system will not be able to transfer him immediately to a health center where he can receive appropriate treatment.

While the Magistrate Judge understands the Plaintiff's subjective concern in this matter, the Plaintiff has not provided

4

adequate medical proof that there is a substantial likelihood of him suffering another stroke. The Defendants on the other hand have provided medical records and medical opinions that the Plaintiff is unlikely to suffer a new stroke. They point out that he has been stable for several years and is receiving appropriate treatment to prevent the reoccurrence of a stroke.

Absent some medical evidence by the Plaintiff, his subjective belief is simply insufficient to carry the burden on this issue.

2. As noted above, the Plaintiff has not provided adequate proof that he will in fact suffer irreparable injury. Of course, there is always the risk of a stroke, even with individuals who have been previously stroke-free. The Defendants have stated that the Plaintiff will be transferred to an institution that has adequate medical facilities. In making such a decision, the Magistrate Judge would certainly expect the Department of Corrections will consider the proximity of a full medical facility.

3. The third issue is whether the issuance of a preliminary injunction would cause substantial harm to others. In this connection the Defendants point out that there are limited beds at DSNF where Plaintiff is presently housed. To continue the Plaintiff at the facility where they have limited beds could potentially deny another inmate with more serious needs access to that facility. The medical records in evidence simply do not

5

justify keeping the Plaintiff in such a high level medical facility at this time.

4.     Finally, there is the question of whether the public interest would be served by issuing a preliminary injunction. Courts are traditionally reluctant to interfere with the decision of correctional authorities as to where an inmate should be housed. *Bell v. Wolfish*, 441 U.S. 520 (1979), *Bolt v. Snyder*, U.S. LEXIS 26590 (E.D. Kentucky 2003). This is particularly true in this case where the Plaintiff's subjective beliefs are rebutted by specific medical records and medical recommendations by physicians.

In summary, the Magistrate Judge believes that the Defendants have correctly stated the law in their response (Docket Entry 98) and that, based on the present record, the Plaintiff's request for a temporary restraining order and/or a preliminary injunction should be DENIED.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff's motion (Docket Entry 95) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of

this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 3rd day of June, 2014.

/s/  Joe B. Brown
JOE B. BROWN
United States Magistrate Judge