UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRUCE TILLMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 3:13-0762 |
| v. | ) | Judge Sharp |
| | ) | |
| **JASON WOODALL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Magistrate Judge Brown has issued a Report and Recommendation ("R & R") (Docket No. 102) in which he recommends that Plaintiff's Motion for a Temporary Restraining Order (Docket No. 95) be denied. In the Motion, Plaintiff sought an Order which would prohibit Defendants "from removing the Plaintiff from his current place of confinement at the Deberry Special Needs Facility," (id. at 1) because of his assorted medical conditions, including the possibility that he would suffer yet another stroke.

In recommending denial of the Motion, Magistrate Judge Brown wrote:

> The Magistrate Judge certainly understands the Plaintiff's concern about where he is housed. However, other than his subjective opinion the Plaintiff does not have any evidence from a medical provider that he is, in fact, at any greater risk at another institution than he would be at DSNF. The Defendants on the other hand has presented detailed medical records and medical opinions that the Plaintiff is stable and not at a high risk for an additional stroke. They point out that there are a limited number of beds available at Unit 3 at DSNF, and that the Plaintiff has reached maximum medical recovery available at that unit at the present time. They therefore have proposed to discharge him from DSNF and move him to another institution.

(Docket No. 102 at 3). Magistrate Judge Brown went on to observe that "the medical records in evidence simply do not justify keeping Plaintiff in such a high medical facility at this time," and that

1

> [t]he Defendants have stated that the Plaintiff will be transferred to an institution that has adequate medical facilities. In making such a decision, the Magistrate Judge would certainly expect the Department of Corrections will consider the proximity of a full medical facility.

(Id. at 5).

Plaintiff has filed Objections to the R & R (Docket No. 106), together with an Affidavit and Exhibits (Docket No. 105) in support of those objections. However, those filings do not undercut the stated rationale utilized by Magistrate Judge Brown in recommending denial of Plaintiff's request for a temporary restraining order.

Both the Affidavit and Exhibits chronicle Plaintiff's alleged treatment for the medical conditions Plaintiff suffered in 2010 and 2011 while housed at the Northwest Correctional Complex. While Plaintiff may believe that his treatment there was inadequate, this does not speak to the issue of whether now, some 3 to 4 years later, Plaintiff needs to remain at the Deberry Special Needs Facility. On the other hand, as Magistrate Judge Brown noted, Defendants "have provided medical records and medical opinions that the Plaintiff is unlikely to suffer a new stroke [and] point out that he has been stable for several years and is receiving appropriate treatment to prevent the reoccurrence of a stroke." (Docket No. 102 at 5).

Further, Dr. Anidolee Melville-Chester, the Deputy Director of Clinical Services at Deberry, has submitted an Affidavit in which he states that (1) he is personally familiar with Plaintiff and his medical conditions; (2) those housed in Skilled Unit 3 (where Plaintiff presently resides) are "considered the sickest of all inmates confined" in the Tennessee Department of Corrections; (3) "[o]ut of approximately 21,300 inmates statewide, only 35 reside in [Plaintiff's] unit"; (4) inmates in the unit suffer from diseases such as end stage cancer, or other very serious ailments"; and (5) such inmates "are treated like any patient would be in an outside hospital[.]" (Docket No. 99 at 2). In

contrast, Plaintiff has "reached the maximum level of improvement that could be expected," he has been provided with medications that "are intended to reduce the risk of stroke and control [his] other conditions, and he "will be provided appropriate follow-up care at his receiving institution." (Docket No. 99 at 1-3).

Given the record, the Court agrees with Magistrate Judge Brown that Plaintiff has not met the requirements for the issuance of a temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure. Plaintiff has not shown a strong probability of success on the merits or irreparable harm; the issuance of a preliminary injunction could cause substantial harm to others, particularly those inmates who may be denied access to Deberry Unit 3 because of Plaintiff's presence; and the issuance of a temporary restraining order would not be in the public interest given that the only thing supporting Plaintiff's position are his own subjective beliefs and that courts are generally reluctant to interfere with the decision of correctional authorities as to where inmates should be housed.

Accordingly, and having undertaken a *de novo* review of the matter in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court rules as follows:

(1) The R & R (Docket No. 102) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's Objections to the R & R (Docket No. 106) are hereby OVERRULED; and

(3) Plaintiff's Motion for a Temporary Restraining Order (Docket No. 95) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE