# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRUCE TILLMAN # 121139,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 3:13-00762 |
| | ) | Judge Sharp/Brown |
| **JASON WOODALL, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**To: The Honorable Kevin H. Sharp, Chief United States District Judge**.

## REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge **RECOMMENDS** that: 1) the defendants' motions for summary judgment (Docs. 138 and 146) be **GRANTED**; 2) this case be **DISMISSED WITHOUT PREJUDICE** as to the plaintiff's federal claims for failure to exhaust as required under 42 U.S.C. § 1997e(a); 3) this case be **DISMISSED WITHOUT PREJUDICE** as to any claims the plaintiff might have in State court under the Tennessee Health Care Decisions Act (THCDA), Tenn. Code Ann. § 68-11-1806; 4) acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action.

## I. INTRODUCTION
## and
## BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983 alleging violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments, the Americans With Disabilities Act, 42 U.S.C. §§ 12101 *et seq*., and the THCDA. The plaintiff was a prisoner at the DeBerry Special Needs Facility (DSNF) when he filed his complaint.

The complaint sued the following defendants: 1) Jason Woodall, Deputy Commissioner of Operations, Tennessee Department of Correction (TDOC); Bruce Westbrook, Warden, DSNF; 3) Dr. Roberta Burns, M.D., Medical Director, DSNF; 4) Marcia Nance, Health Services

Administrator, DSNF; 5) Sgt. Julia Campbell, Grievance Board Chairperson, DSNF. (Doc. 1, ¶ III.B.1-5, pp. 6-8) The District Judge dismissed the case against defendant Campbell on August 9, 2013, and referred the case to the Magistrate Judge. (Doc. 5, pp. 3-4 of 4)

The plaintiff moved to add Dr. Paul Alexander, M.D., as a defendant on October 3, 2013. (Doc. 23) The motion was granted on November 1, 2013. (Doc. 27)

The plaintiff moved to amend his complaint on November 8, 2013. (Doc. 42) The motion was granted on January 1, 2014. (Docs. 68-69) Defendant Alexander answered the amended complaint on January 21, 2014 (Doc. 72), and defendants Nance, Westbrook, and Woodall answered on January 22, 2014 (Doc. 73). Defendant Burns answered on April 7, 2014. (Doc. 90)

The plaintiff notified the court in a letter postmarked October 2, 2014 that he had been transferred from DSNF to the West Tennessee State Penitentiary (WTSP) in Henning, Tennessee. (Doc. 133) His actual date of transfer was September 22, 2014. (Doc. 140, ¶ 1, p. 1)

Defendants Nance, Westbrook and Woodall filed a motion to dismiss or for summary judgment on October 20, 2014. (Doc. 138) Defendants Alexander and Burns filed a motion to dismiss or for summary judgment on October 29, 2014. (Doc. 146) The plaintiff responded to both dispositive motions on January 12, 2015. (Doc. 165) This matter is now properly before the court.[1]

### III. ANALYSIS

#### A. Actions Under § 1983

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; <u>and</u> 2) that the deprivation was caused by a person acting under color of state law. *Wershe v. Combs*, 763 F.3d 500, 504-05 (6th Cir. 2014)(citing *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010)). Both parts of this two-part test

---

[1] A jury trial is scheduled to begin in this case on June 23, 2015, with a final pretrial conference scheduled for June 2, 2015. (Doc. 167)

must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### B. The Defendants' Motions to Dismiss or for Summary Judgment

Defendants Nance, Westbrook, and Woodall argue that this case should be dismissed because the plaintiff did not exhaust his administrative remedies; the case is now moot because the plaintiff has been transferred from DSNF to WTSP; the case should be dismissed as to defendants Westbrook and Woodall for lack of personal involvement; and the case should be dismissed against defendant Nance for failure to state a claim. Defendants Alexander and Burns moved to dismiss, or for summary judgment, arguing that the plaintiff's claims are conclusory; his allegations are vague and not based in law or fact; the plaintiff failed to exhaust his administrative remedies; and the complaint is now moot because the plaintiff is no longer incarcerated at DSNF. The defendants' failure to exhaust argument is dispositive.[2]

The crux of the failure to exhaust argument advanced by defendants Nance, Westbrook and Woodall is as follows:

> [T]he grievance filed by the plaintiff fails to name [the] defendants . . . by name or by title, or even by attenuated reference. . . . If the plaintiff asserts that he filed other grievances with regard to these defendants, he has not provided them at any time during this lawsuit. None of these defendants were on notice that their alleged involvement with the issues raised in this case would potentially subject them to Federal litigation, and neither they – nor other prison officials – were given the opportunity to resolve any potential complaints . . . prior to being served with this lawsuit. . . .

(Doc. 139, ¶ I, pp. 4-5) Defendants Alexander and Burns "incorporate[d] by reference the arguments and law set forth in [the] co-defendants' Memorandum of Law." (Doc. 147, p. 2) In his

---

[2] There is no need to address the defendants' remaining arguments, because their failure to exhaust argument is dispositive. However, the Magistrate Judge's recommendations would have been the same had he considered those other arguments on the merits.

response, the plaintiff argues that he did exhaust his administrative remedies, and that he was not required to name the defendants in his grievance. (Doc. 165, Attach. Memo. ¶ I, pp. 5-6)

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the [PLRA] and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Failure to exhaust is an affirmative defense. *Bock*, 549 U.S. at 216; *Surles v. Anidson*, 678 F.3d 452, 455 6th Cir. 2012). The defendants bear the burden of proof on the question of exhaustion. *Surles*, 678 F.3d at 455.

The plaintiff filed a grievance on October 25, 2012. (Doc. 1, Ex. 1) The plaintiff described the problem(s) as follows:

> I refuse to be punished for exercising my right to adequate medical care. I am being denied an opportunity to earn sentence credits; denied ordinary privileges such as commissary, food items; adequate exercise/access to fresh air & sunshine; library privileges; religious programs and activities; restricted visitation based solely upon my medical handicaps and need for medical treatment.

(Doc. 1, Ex. 1, DESCRIPTION OF PROBLEM, pp. 1-2) The plaintiff requested the following resolution of the problem(s) alleged: "Uniform treatment with equal opportunity and privileges as all other inmate/patients." (Doc. 1, Ex. 1, REQUESTED SOLUTION, p. 1)

Sergeant Campbell returned an "INAPPROPRIATE GRIEVANCE NOTIFICATION," Form 3689, ("inappropriate grievance notification") to the plaintiff on October 26, 2012. (Doc. 1, Ex. 2) Sergeant Campbell highlighted the following reason for returning the plaintiff's grievance to him: "A diagnosis by medical professionals . . . is inappropriate [Policy #501.01VI.(H)(8)]." (Doc. 1, Ex. 2) The inappropriate grievance notification included reference to the following note:

> **THIS GRIEVANCE IS UNABLE TO BE PROCESSED DUE TO YOU NOT FOLLOWING POLICY.** Grievance forms not properly completed or contain insufficient information for processing shall be returned to the inmate with instructions as to proper completion. [Policy # 501.01 VI.(C)(1)] Your grievance is being returned to you due to the following reason(s).

(Doc. 1, Ex. 2)(emphasis in the original) Sergeant Campbell then highlighted the following specific reason that the plaintiff's grievance was being returned to him: "No specific details, i.e., dates, times, names of persons involved as mandated in Inmate Grievance Handbook, Page 7, First Level of Review."[3] (Doc. 1, Ex. 2) The inappropriate grievance notification also provided the following reminder to the plaintiff:

> *You have SEVEN CALENDAR DAYS FROM THE DATE THE INCIDENT OCCURRED to submit a grievance. If you are still interested in filing this grievance, please make the necessary corrections and return to Grievance Office for further processing immediately. If you would like to appeal this response, sign the bottom of your grievance, check 'yes' then date it and place (with this coversheet) back in the grievance box. If you have any questions regarding this memo, please have your Unit Officer contact me . . . to schedule an appointment.*

(Doc. 1, Ex. 2, Reminder, p. 1)(italics and underline in the original) Sergeant Campbell did not address the merits of the plaintiff's grievance in the inappropriate grievance notification.

---

[3] As shown above, Sgt. Campbell's notification refers to "Policy # 501.01 VI.(H)(8)" and "Policy # 501.01 VI.(C)(1)." These references pertain to the *Administrative Policies and Procedures*, State of Tennessee Department of Correction (TDOC Policies and Procedures), Index # 501.01, INMATE GRIEVANCE PROCEDURES, Effective Date Oct. 1, 2012. Policy # 501.01 VI.(H) specifies those issues that are inappropriate to the grievance process, repeated in the Form 3689, with § VI.(H)(8) corresponding to diagnoses by medical professionals. Policy # 501.01 VI.(C) describes TDOC's three-level grievance process, with § VI.C(1) stating in relevant part:

> Grievances forms which are improperly completed or contain insufficient information for processing shall be returned to the inmate with instructions as to proper completion. It should not be logged as received (which starts the deadline times running) until the corrected version is submitted.

Policy # 501.01 VI(C)(1). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction . . . ." Rule 201(b) and (b)(1), Fed. R. Civ. P.; *see Passa v. City of Columbus*, 123 Fed.Appx. 694, 697 (6th Cir. 2005). The Magistrate Judge has extensive knowledge of TDOC Policies and Procedures.

Defendant Nance completed the "RESPONSE OF SUPERVISOR OF GRIEVED EMPLOYEE OR DEPARTMENT" ("defendant Nance's response") on November 2, 2012. (Doc. 1, Ex. 3) Defendant Nance wrote the following: "Mr. Tillman has been stable medically. He will be discharged to sending institution where he will be able to have access to his concerns. No medical indication for him to stay @ DSNF." (Doc. 1, Ex. 3) Defendant Nance's response did not address the merits of the plaintiff's grievance.

Sergeant Campbell later signed the "INMATE GRIEVANCE RESPONSE" ("grievance response") on November 13, 2012. (Doc. 1, Ex. 4) Sergeant Campbell noted the following as the summary of evidence and testimony presented to the grievance committee: "A diagnosis by medical professionals is inappropriate." (Doc. 1, Ex. 4) Sergeant Campbell recommended that the matter be "[s]en[t] to [the] Commissioner['s] Officer for [a] response." (Doc. 1, Ex. 4, Inmate Grievance Committee's Response and Reasons) Again, Sgt. Campbell did not address the merits of the plaintiff's grievance.

Defendant Westbrook disagreed with Sgt. Campbell's proposed response, and changed it on November 14, 2012 to read: "Health Center guidelines are based on TDOC Policies and doctor's orders." (Doc. 1, Ex. 4, Warden's Response) Defendant Westbrook did not address the merits of the plaintiff's grievance.

The plaintiff signaled his intent to appeal on November 16, 2012. (Doc. 1, Ex. 4) Defendant Woodall completed his review of the plaintiff's appeal on December 5, 2012. (Doc. 1, Ex. 5) Defendant Woodall checked the box corresponding to the following form-notation: "Concurs with Supervisor." (Doc. 1, Ex. 5) Defendant Woodall did not address himself to the merits of the plaintiff's grievance.

The evidence above shows that the plaintiff exhausted one complete round of TDOC's grievance procedure. As explained below, however, that same evidence shows that: 1) the plaintiff

6

did not comply with TDOC Policies and Procedures in pursuing his administrative remedies as to those specific complaints that he delineated in his grievance;[4] 2) the issue with respect to which the plaintiff exhausted one complete round of TDOC's grievance procedure pertained to whether his complaint was grievable under TDOC Policies and Procedures, not the merits of the alleged problems that gave rise to this action; and 3) TDOC officials did not address the merits of the plaintiff's grievance at any point during the grievance process.

### 1. Compliance With TDOC Policies and Procedures

As noted above at p. 3, the defendants argue – and correctly so – that the plaintiff did not name/identify any of the defendants in his grievance. Although "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievance[]," *Bock*, 549 U.S. at 219, a plaintiff generally fails to exhaust his administrative remedies if he fails to include an official's name in a grievance if it is required by the applicable grievance procedures, *Sullivan v. Kasajaru*, 316 Fed.Appx. 469, 470 (6th Cir. 2009).[5] As noted above at p. 5 and n. 3, TDOC Policies and Procedures, as well as the inappropriate grievance notification, required/instructed the plaintiff to

---

[4] It is important to clarify here what the grievance issue actually is. In both his original and amended complaints, the plaintiff writes:

> This action is in no way about the current medical treatment I am receiving, as it is very adequate. This action is about the punitive conditions of confinement under which I am required to exist as a condition to receive adequate health care and the retali[a]tory actions by the defendants for exercising my right to adequate health care.

(Doc. 1, ¶ IV, p. 8; Doc. 69, ¶ IV, p. 8)(unnecessary and improper capitalization omitted) In short, the plaintiff is not complaining about the diagnosis and/or treatment of his medical condition – he is complaining about the alleged conditions of confinement delineated in his grievance with respect to which Sgt. Campbell instructed him to provide supporting detail.

[5] The plaintiff misconstrues the Supreme Court's ruling in *Bock* by arguing that he was not required to "name all defendants." The ruling in *Bock* pertained to the Sixth Circuit's then-existing "total exhaustion" rule that required prisoners to demonstrate that they had exhausted their administrative remedies as to every defendant and every claim prior to filing a complaint in federal court. Failure to do so resulted in the requirement that the District Court dismiss a prisoner plaintiff's complaint *sua sponte* on initial review.

7

provide the "names of persons involved" whose alleged acts and/or omissions gave rise to the grievance. Having failed to do so, the plaintiff is deemed – "generally" – to have failed to exhaust his administrative remedies under *Bock* and *Sullivan*.

In addition to the permissible inference under *Bock* and *Sullivan* above, the law is firmly established that, to satisfy the PLRA's exhaustion requirement, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The Supreme Court has held that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim, but it is the prison's requirements and not the [PLRA's], that define the boundaries of proper exhaustion." *Bock*, 549 U.S. at 218; *see Woodford*, 548 U.S. at 88. As shown above at p. 5 and n. 3, the plaintiff was required under TDOC Policies and Procedures to provide "specific details, i.e., dates, times, names of persons involved" in his grievance. A plain reading of the plaintiff's grievance reveals that it is utterly bereft of details and, as such, the grievance did not comply with TDOC Policies and Procedures.

As shown above, the plaintiff failed to comply with "applicable procedural rules." Consequently, he did not exhaust his administrative remedies as required under *Bock* and *Woodford*.

### 2. The Grievance on Appeal

The record before the court shows that the plaintiff's grievance was returned to him as non-grievable with instructions to resubmit in accordance with Policy # 501.01, *i.e.*, to provide "specific details." The record does not show, the plaintiff does not argue, nor can it be liberally construed from the pleadings, that the plaintiff ever corrected his grievance to provide the required details as required by TDOC Policies and Procedures, and as instructed by Sgt. Campbell. The record also does not show, the plaintiff does not argue, nor can it be liberally construed from the pleadings, that the plaintiff resubmitted his grievance for consideration, corrected or otherwise. As noted above at

8

p. 5 n. 3, under TDOC Policies and Procedures, the plaintiff's grievance would not have been "logged as received" under either of these circumstances.

If not "logged as received," then the problems set forth in the plaintiff's grievance would never have been subject to review by competent authority at any level of review. Moreover, if not "logged as received," the only possible question that could have gone forward on appeal was whether the matter at issue was properly grievable. Exhausting one's administrative remedies with respect to whether a matter is grievable under TDOC Policies and Procedures is not the same thing as exhausting one's administrative remedies as to the merits of one's grievance. In short, the plaintiff's appeal did not suffice to exhaust his administrative remedies as required under the PLRA as to the matter presently before the court.

### 3. Whether the Merits of The Grievance Were Addressed

"When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits," those same prison officials cannot then assert failure to exhaust as a defense in subsequent litigation. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The question here under *Reed-Bey* is whether the merits of the plaintiff's grievance were addressed on review thereby negating the defendant's exhaustion defense.

As noted repeatedly above at pp. 5-6, the merits of the plaintiff's grievance were never addressed. The only issue addressed was whether the grievance was appropriate under the TDOC Policies and Procedures. Because no one in the chain of review addressed the merits of the plaintiff's grievance, the plaintiff cannot claim to have exhausted his administrative remedies due to prison officials having acted contrary to their own published policies and procedures.

### III. CONCLUSION AND RECOMMENDATION

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that: 1) the defendants' motions for summary judgment (Docs. 138 and 146) be **GRANTED**; 2) this case be **DISMISSED WITHOUT PREJUDICE** as to the plaintiff's federal claims for failure to exhaust as required under 42 U.S.C. § 1997e(a); 3) this case be **DISMISSED WITHOUT PREJUDICE** as to any claims the plaintiff might have in State court under the Tennessee Health Care Decisions Act (THCDA), Tenn. Code Ann. § 68-11-1806; 4) acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action.

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 5th day of March, 2015.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge